IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MCC MANAGEMENT OF NAPLES, INC.;
BGC II MANAGEMENT OF NAPLES, INC.,
MILES C. COLLIER, and BARRON G.
COLLIER, II

                Plaintiffs,

vs.

ARNOLD & PORTER, LLP; KENT A. YALOWITZ,
THOMAS R. DWYER, and MELVIN C. GARBOW,

                Defendants.

_____/

Miscellaneous Case No. _____
CASE NO. 2:07-cv-387-FtM-29SPC
(United States District Court for the
  Middle District of Florida)

## MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENA DUCES TECUM ISSUED TO ELIAS, MATZ, TIERNAN & HERRICK, LLP

COME NOW International Bancshares Corporation and International Bank of Commerce,

non-parties to this action, and respectfully move, pursuant to Fed. R. Civ. P. 45(c), for an order

quashing in its entirety the Subpoenas Duces Tecum issued by Plaintiffs, MCC Management of

Naples, Inc., BGC II Management of Naples, Inc., Miles C. Collier and Barron G. Collier II and

served upon Elias, Matz, Tiernan & Herrick, LLP in this action. The reasons in support of this

Motion are set forth more fully in the accompany Memorandum of Points and Authorities in Support.

DATED:   May 19, 2008

_____
J. Jonathan Schraub     D.C. Bar No. 950816
jjschraub@sandsanderson.com
Paige A. Levy          D.C. Bar No. 453535
plevy@sandsanderson.com
SANDS ANDERSON MARKS & MILLER, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA  22101
Telephone:      (703) 893-3600
Facsimile:      (703) 893-8484

Terry W. Tippens, OBA No. 9027
Kevin R. Donelson, OBA No. 12647
Carole L. Houghton, OBA No. 18047
FELLERS, SNIDER, BLANKENSHIP,
     BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:      (405) 232-0621
Facsimile:      (405) 232-9659

*Attorneys for International Bancshares Corporation*

3

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MCC MANAGEMENT OF NAPLES, INC.;
BGC II MANAGEMENT OF NAPLES, INC.,
MILES C. COLLIER, and BARRON G.
COLLIER, II

        Plaintiffs,

vs.

ARNOLD & PORTER, LLP; KENT A. YALOWITZ,
THOMAS R. DWYER, and MELVIN C. GARBOW,

        Defendants.

_____/

Miscellaneous Case No. _____
CASE NO. 2:07-cv-387-FtM-29SPC
(United States District Court for the
  Middle District of Florida)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENA DUCES TECUM ISSUED TO ELIAS, MATZ, TIERNAN & HERRICK, LLP

COME NOW International Bancshares Corporation and International Bank of Commerce

("IBC"), non-parties to this action, and respectfully move, pursuant to Fed. R. Civ. P. 45(c), for

an order quashing in its entirety the Subpoenas Duces Tecum issued by Plaintiffs, MCC

Management of Naples, Inc., BGC II Management of Naples, Inc., Miles C. Collier and Barron

G. Collier II (collectively hereinafter referred to as "Plaintiffs") and served upon Elias, Matz,

Tiernan & Herrick, LLP ("Elias Matz") in this action.

## INTRODUCTION

Plaintiffs, through their attorneys, issued and served on Elias Matz a Subpoena Duces

Tecum (hereafter the "Subpoena") requesting production of a voluminous number of documents,

all of which are privileged and have no relevance to the case at hand. A copy of the Subpoena is

attached hereto as Exhibit "1." The Subpoena was served on Elias Matz on April 15, 2008, and purports to require compliance by May 19, 2008.

The Subpoena is improper and should be quashed for at least the following reasons:

a)    The Subpoena purports to require production and disclosure of documents which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

b)    The Subpoena purports to require production and disclosure of documents which contain confidential and proprietary information of IBC/LFC[1].

c)    The Subpoena purports to require production and disclosure of documents which are private and confidential to IBC/LFC and/or private and confidential personal financial information of IBC/LFC's past and present customers.

d)    The Subpoena seeks neither information which is relevant to the claims being asserted in this lawsuit nor information which is reasonably calculated to lead to the discovery of admissible evidence.

e)    The Subpoena is particularly overreaching and intrusive and unduly burdensome, and therefore improper.

f)    This Court has determined that a threshold decision must first be made as to whether Arnold & Porter acted as legal counsel for Plaintiffs. The information sought is not relevant to that issue. Furthermore, Plaintiffs are premature because their action pending against IBC was transferred to Oklahoma where a Motion to

---

[1] IBC is the successor-in-interest to Local Financial Corporation ("LFC"). The Subpoena seeks information and documents, which relate to IBC and LFC, respectively; therefore, references shall be made to IBC/LFC throughout this motion.

Dismiss is pending. Plaintiffs seek irrelevant discovery in this action which they are currently prohibited from obtaining out of their Oklahoma action.

## II.     ARGUMENT AND AUTHORITIES

The subpoena issued by the Plaintiffs attempts to require Elias Matz to produce protected information, contrary to Fed. R. Civ. P. 45(c)(3)(A)(iii). Specifically, Plaintiffs seek production of information and documents protected by the attorney-client privilege and/or work product doctrine and information which is private and confidential to IBC/LFC and/or private and confidential personal financial information of IBC/LFC's past and present customers, all of which bears no relevance to the case at hand.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), the Court shall quash or modify a subpoena that requires the disclosure of privileged or other protected matter. In particular, Rule 45(c)(3)(A) states that: "on timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it...(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden." Rule 45(c)(3)(B) also further establishes that the court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ P. 45(c)(3).

As evident by the Subpoena, Plaintiffs are seeking any and all information and documents relating to a common interest agreement (the "Redemption Agreement") between LBC/LFC and Plaintiffs wherein it was agreed that Plaintiffs would indemnify IBC/LFC for certain liabilities and expenses arising out of litigation then pending in the United States Court of Federal Claims regarding the division of economic value of certain tax benefits to which IBC/LFC became entitled by virtue of its 1988 acquisition of an insolvent thrift (the "FDIC

3

Dispute"). Elias Matz Tiernan & Herrick, LLP ("Elias Matz") represented IBC/LFC in the FDIC Dispute. Elias Matz worked on matters involving the FDIC Dispute and in particular was involved in the transactions involving the Redemption Agreement. Accordingly, Elias Matz served and legal counsel to IBC/LFC and in this capacity contributed and provided legal, confidential and privileged tax and financial advice to IBC/LFC, which is patently privileged.

Furthermore, IBC/LFC avers that any information or documents relating to the FDIC Dispute also contains confidential and proprietary information of IBC/LFC and/or that of its past and present customers and thus is not discoverable. Moreover, none of the requested information or documents set forth in the Subpoena is relevant to this Florida action and the Subpoena in and of itself is overly broad, burdensome and issued for the sole intent to harass IBC/LFC and the nonparties. Plaintiffs gave IBC/LFC a complete, general release which forms the basis of IBC's Motion to Dismiss Plaintiffs' lawsuit against IBC which was transferred to Oklahoma. As Plaintiffs are currently prohibited from discovery in the primary litigation between IBC and Plaintiffs' pending in Oklahoma, they should be prohibited from prematurely attempting to obtain far reaching discovery in the Florida action where only a narrow threshold issue is pending. If this Court determines that Arnold & Porter did not represent the Plaintiffs, which IBC believes is the case, and the Oklahoma Court dismisses the Plaintiffs' lawsuit because of the general release, then Plaintiffs' claims against all parties are over and discovery is irrelevant.

This Brief in Support sets forth in more detail the arguments and authorities supporting IBC's request to quash Plaintiffs' Subpoena in its entirety.

**A.    Plaintiffs Should Not Be Allowed To Invade IBC/LFC's Attorney Client Privilege and Attorney Work Product.**

All of the requests set forth in the Subpoena seek documents and information which are

patently protected by the attorney-client and/or work product doctrine. The attorney-client privilege is one of the oldest recognized privileges for confidential communications. *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981; *Hunt v. Blackburn,* 128 U.S. 464, 470, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1888). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn, supra,* at 389, 101 S.Ct. at 682. Because the attorney-client privilege exists for the benefit of the client, the client holds the privilege. *Id.*

Likewise, the work product privilege protects an attorney's work done in preparation for litigation. *In re Grand Jury Proceedings, Thurs. Special Grand Jury Session Sept. Term, 1991,* 33 F.3d 342, 348 (4th Cir.1994). It is premised on the idea that "[n]ot even the most liberal of discovery theories can justify unwarranted inquires into the files and the mental impressions of an attorney." *Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, the attorney, as well as the client, holds the privilege. *Id.* at 511.

In this instance, Elias Matz served as counsel to IBC/LFC and provided legal advice concerning confidential tax matters relating to the FDIC Dispute. In this capacity, Elias Matz worked directly with Kristy Carver, former Senior Vice President and Tax Director of IBC/LFC, in rendering such tax advice; therefore, any and all information and documents within their possession is patently privileged. This notwithstanding, the Subpoena blatantly seeks production of any and all documents and information related to the FDIC Dispute, including but not limited to, all legal opinions, letters, research, email, analysis, notes, memoranda and communications

5

prepared by Elias Matz on behalf of its client IBC/LFC. Thus, the Subpoena not only seeks to invade the attorney-client relationship by infringing upon direct communications, it seeks to dispel the thoughts, impressions and opinions of Elias Matz. No doubt exists that an attorney's advice provided to a client and communications between attorney and client are protected by attorney-client privilege. *See In re Grand Jury Proceedings,* 102 F.3d 748, 750 (4th Cir.1996). Yet this is precisely the information Plaintiffs improperly seek by their Subpoena.

Case law and fundamental principles of fairness dictate that Plaintiffs should not be permitted to invade IBC/LFC's attorney client privilege and attorney work product through the nonparty Subpoena. Accordingly, IBC respectfully requests the Court quash Plaintiffs' Subpoena in its entirety.

**B.    Plaintiffs Should Not Be Allowed To Invade IBC/LFC's Confidential and Proprietary Information.**

It is well settled that a court must quash or modify a subpoena that seeks the disclosure of privileged or other protected material when no waiver or exception applies. Fed. R. Civ. P. 45(c)(3)(A)(iii). Further, discovery should be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. *Collins and Aikman Corp. v. J.P. Stevens & Co.,* 51 F.R.D. 219, 221 (D. S. C. 1971); *see also Chemical Bank v. Dana,* 149 F.R.D. 11, 13-14 (D. Conn. 1993) and *Harris v. Wells,* 137 F.R.D. 206 (D. Conn. 1991) (each holding that privacy interest in personal financial records outweighs interest in discovery of case involving unrelated transactions). Both Fed. R. Civ. P. 26(c) and Rule 45(c) provide ample power to the federal court for the proper protection of third parties from harassment, inconvenience or disclosure of confidential documents.

Plaintiffs can make no proper or adequate showing as to the relevance and need of the

requested confidential documents. Furthermore, courts have routinely held information requests for financial records on a nonparty as being improper. *Solow v. Conseco, Inc.*, 2008 WL 190340, 5 (S.D.N.Y. 2008) (nonparty had legitimate interest in maintaining privacy of proprietary financial documents where documents sought had little to no relevance to claims and defenses of underlying action); *Sierra Rutile Ltd v. Shimon Y. Katz,* 1994 WL 185751, at 2, (S.D.N.Y. 1994) (parties had "sufficient privacy interest" in confidentiality of personal bank and brokerage records to establish standing to challenge subpoenas); *Chazin v. Lieberman,* 129 F.R.D. 97, 98 (S.D.N.Y.1990) (defendants had standing to object to subpoenas against nonparty institutions, mainly banks, on personal privacy grounds); *Norris Mfg. Co. v. R.E. Darling, Co.,* 29 F.R.D. 1 (D.Md.1961) (finding that a party has standing to move to quash a subpoena duces tecum directed at a nonparty calling for the production of documents that the party believes to be immune from discovery as part of his work product).

Indeed, upon examination of the Subpoena at issue, there can be little doubt that the information sought is wholly irrelevant to the pending issue in this case – which is whether Arnold & Porter, LLP represented the Plaintiffs. Thus, the grossly overbroad requests seeking any and all documents related to Elias Matz's representation of IBC/LFC in the FDIC Dispute can hardly be relevant to whether Plaintiffs' were represented by Arnold & Porter, LLP. *See United States v. Nixon,* 418 U.S. 683, 700 (1974) (subpoenas must meet the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity."). To be sure, the Subpoena is devoid of any document request which may tend to prove Arnold & Porter's relationship with Plaintiffs. Instead, the Subpoena plainly demands a *carte blanche* look at every document ever created or received by Elias Matz, as evidenced by the extensive lists of categories for sought-after documents that all begin with the word "All" and which encompasses every conceivable

7

document that could possibly be in the possession of Elias Matz, regardless of privilege.

As a result of the breadth of the requests, the Subpoena unnecessarily seeks to impinge upon the financial and proprietary records of IBC/LFC as well as the private and confidential personal records of IBC/LFC's past and present customers. IBC/LFC has a legitimate interest in protecting its own private financial and proprietary information and that of its past and present customers, especially in cases where the information has no relevance in the pending litigation. In fact, numerous courts have consistently upheld a party's financial privacy rights as one of the inherent and fundamental precepts of the banking relationship, and have gone as far as to equate the relationship with the Fourth Amendment's guarantee of "the right of the people to be secure in their ... papers ...". *See Peoples Bank of the Virgin Islands v. Figueroa,* 559 F.2d 914, 917 (3rd Cir.1977) (recognizing the importance of duties of confidentiality and protection of private papers in a financial institution's dealings with customers); *Zimmermann v. Wilson,* 81 F.2d 847, 849 (3rd Cir.1936) (recognizing constitutional guarantees); *United States v. Freie,* 545 F.2d 1217, 1223 (9th Cir.1976) (the right to be secure in one's papers need not be premised on property rights to allow protection); *Marshall v. Wait,* 628 F.2d 1255, 1258 (9th Cir.1980) (all that is required is that the privacy expectation be reasonable); *Vaughan v. Taylor,* 718 P.2d 1387, 1390 (Or. App. 1986) (holding bank had standing to move to quash subpoena duces tecum requiring production of confidential financial information where the bank is not a party to the action but is considered the agent of its customer); *United States v. First Nat'l Bank of Mobile,* 67 F. Supp. 616, 624 (S.D.Ala.1946) (recognizing the existence of a fiduciary relationship); *Brex v. Smith,* 146 A. 34, 36 (N.J. Eq. 1929) (recognizing the existence of an implied contract between a banker and its customer that the banker will not divulge to third persons financial facts without consent).

8

Notably, this Court has consistently recognized that there is a legitimate interest in protecting private financial information. *See Khouj v. Darui*, 2008 WL 1735866, 3 (D.D.C. 2008)(citing *Griffith v. United States,* No. M8-85, 2007 WL 1222586, at 1 (S.D.N.Y. April 25, 2007) ("'[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" (quoting *Arias-Zeballos v. Tan,* No. 06 Civ. 1268, 2007 WL 210112, at 1 (S.D.N.Y. Jan. 25, 2007)). Likewise, commercial confidential information, which has no relevance to the underlying action, is equally protected. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 528 (D.Del.2002). Thus, the financial records of IBC/LFC and their customers are privileged.

For the reasons set forth above, Plaintiffs should not be permitted to invade financial and proprietary records of IBC/LFC or those of IBC/LFC's past and present customers. Accordingly, IBC respectfully requests the Court quash Plaintiffs' Subpoena in its entirety.

## C.    Plaintiffs' Subpoena and Discovery Requests Seek Information Which Is Not Relevant To The Matters At Issue In This Case.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may seek to obtain discovery of a "matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." . *See also U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir.1976). However, courts have consistently recognized that the discovery statutes do not allow a party to "roam in shadow zones of relevancy and to explore a matter which does not presently appear germane . . . ." *In re Fontaine*, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975). *See Jones v. Metzger Dairies, Inc.*, 334 F.2d 919, 925 (5th Cir. 1964); *Broadway & Ninety-Sixth Street Realty Co. v. Loew's, Inc.*, 21 F.R.D. 347, 352 (D. N.Y. 1958). *See also Home Ins. Co. v.*

9

*Ballenger Corp.*, 74 F.R.D. 93, 101 (N.D. Ga. 1977) (general allegation of relevancy is not sufficient to overcome a specific objection by a first party).

In this instance, the requested documents are simply not relevant and are outside the scope of reasonable discovery as to the threshold issue pending in this action. Thus, the Subpoena is nothing more than an ill-disguised attempt to plumb the depths of IBC/LFC's, and that of its customers, financial documents in the hopes of obtaining privileged, confidential information and documents outside of the purview and scrutiny of the Oklahoma action. Such fishing expeditions are not permitted by the Federal Rules of Civil Procedure, and for this reason this Court should quash Plaintiffs' Subpoena in its entirety.

This fishing expedition is particularly egregious considering that Plaintiffs are prohibited from discovery in the primary action of plaintiffs, *MCC Management of Naples, Inc., a Florida corporation; BGC II Management of Naples, Inc., a Florida Corporation; Miles C. Collier, individually; and Barron G. Collier, individually v. International Bancshares Corporation, a Texas corporation; International Bank of Commerce, a Texas corporation*, in the United States District Court for the Western District of Oklahoma, Case No. 06-CV-1345 *consolidated with* No. 07-CV-1345. IBC should be afforded the protection of its general release from Plaintiffs which is the subject of a Motion to Dismiss currently pending in Oklahoma. Plaintiffs should not be permitted to seek indirectly discovery they are directly prohibited from obtaining until after a ruling on the Motion to Dismiss. Due to two threshold legal issues – one in Florida and one in Oklahoma – the discovery sought is premature, improper and should be quashed.

**D.    Plaintiffs' Subpoena is Overly Broad, Unduly Burdensome and Improper.**

Even assuming for the sake of argument that some portion of the information or documents requested somehow may not be privileged or have some remote relevance to this

10

case, such discovery is overly broad and burdensome. *See Carlson Companies v. Sperry &*
*Hutchinson Co.*, 374 F. Supp. 1080, 1088 (D. Minn. 1973) ("when the requests approach the
outer bounds of relevance and the information requested may only marginally enhance the
objectives of providing information to the parties or narrowing the issues, the court must then
weigh that request with the hardship to the party from whom the discovery is sought."). To the
extent the requested information and documents exist and could be located and obtained, the
burden upon the nonparties to do so far outweighs the dubious relevance any such information
and documents may have to the matters at issue in this case.

Here, there are no issues raised by Plaintiffs in the pending action which justify any of
the information sought. They seek it not because it is relevant but only because they want to
continue to pursue their obvious goal of harassment, oppression, burden and expense. The
requests are frivolous, abusive, entirely irrelevant and grossly overbroad. Fed. R. Civ. P. 34(b)
provides that "request[s] shall set forth, either by individual item or by category, the items to be
inspected, and describe each with reasonable particularity." Use of too all-encompassing
language such as "including, without limitation" and "all" not only violates Rule 34, but also
Rule 45, governing subpoenas and the requests accompanying them. "Requests should identify
specific documents or categories of items with reasonable precision." *Carl I. Brown & Co. v.*
*Mufich,* No. 90-2135, unpublished op. at 6 (D. Kan. 1991).

In this instance, the Subpoena lodges 4 separate requests for document production
spanning over a ten-year period of time and which seeks "All" documents in any way related to
the FDIC Dispute and/or the Redemption Agreement as well as all electronically stored data.
Such requests are tantamount examples of "overly broad or unduly burdensome" on their face.
The range of materials sought by the Plaintiffs far exceeds the scope of the pending action and

instead attempts to gather substantial information regarding IBC/LFC from nonparties for use in the Oklahoma suit. However, if the Oklahoma federal court sustains the pending Motion to Dismiss because of the general release, the Plaintiffs will have no claim against IBC. IBC should be afforded the benefit and protection of its general release before Plaintiffs are allowed full discovery. Likewise, the relevant evidence before this Court suggests that the production of such confidential and privileged information would not only be excessively burdensome to collect, but its production would render the general release a nullity.

Accordingly, Plaintiffs' Subpoena should be quashed for seeking irrelevant and overly broad information. Further, it is patently clear from a simple reading of the Subpoena that production of the proposed documents would be extremely time-consuming, difficult and costly to attempt to identify, properly prepare and produce.

### III.    CONCLUSION

For all the reasons discussed above, IBC respectfully requests an order quashing in its entirety the Subpoena Duces Tecum served upon Elias Matz in this action. IBC further requests pursuant to Rule 45(c)(1) that it be awarded its costs and attorney's fees incurred in bringing this motion.

DATED:  May 19, 2008

J. Jonathan Schraub    D.C. Bar No. 950816
jjschraub@sandsanderson.com
Paige A. Levy         D.C. Bar No. 453535
plevy@sandsanderson.com
SANDS ANDERSON MARKS & MILLER, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA  22101
Telephone:    (703) 893-3600
Facsimile:    (703) 893-8484

12

Terry W. Tippens, OBA No. 9027
Kevin R. Donelson, OBA No. 12647
Carole L. Houghton, OBA No. 18047
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:    (405) 232-0621
Facsimile:    (405) 232-9659

***Attorneys for International Bancshares
    Corporation***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2008, I served the foregoing MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENA DUCES TECUM ISSUED TO ELIAS, MATZ, TIERNAN & HERRICK, LLP, Memorandum in Support and proposed Order by U.S. Mail, postage prepaid, on the following:

Carl Coleman, Esq.
David C. Potter, Esq.
Fowler, White, Boggs & Banker, PA
2235 First St
Ft Myers, FL 33901

-and-

Jacqueline Caldwell, Esq.
Terry Moore, Esq.
Krugliak, Wilkins, Griffith &
    Dougherty Co, LPA
4775 Munson St. NW
Canton, OH 44735

Madeline Ebelini
Knott, Consoer, Ebelini, Hart & Swett, PA
1625 Hendry Street, Suite 301
P.O. Box 2449
Ft. Myers, FL  33901

*Attorneys for Plaintiffs MCC Management
of Naples, Inc., BGC II Management of
Naples, Inc., Miles C. Collier and Barron
G. Collier II*

Christina Frohock, Esq.
Richard H. Critchlow, Esq.
Kenny Nachwalter, PA
Suite 1100
201 S. Biscayne Blvd
Miami, FL 33131

*Attorneys for Defendant Arnold & Porter,
LLP*

Elias Matz Tiernan & Herrick, LLP
734 15th Street, NW 12th Floor
Washington, DC 20005

440941.1/32091

_____
Paige A. Levy

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MCC MANAGEMENT OF NAPLES, INC.; BGC II
MANAGEMENT OF NAPLES, INC.; MILES C.
COLLIER; BARRON G. COLLIER II,

        Plaintiffs,

vs.

ARNOLD & PORTER, LLP; KENT A. YALOWITZ;
THOMAS R. DWYER; MELVIN C. GARBOW,

        Defendants.

_____/
_____

MCC MANAGEMENT OF NAPLES, INC.; BGC II
MANAGEMENT OF NAPLES, INC.; MILES C.
COLLIER; BARRON G. COLLIER II,

Plaintiffs,

vs.

ARNOLD & PORTER, LLP,

Defendants.
_____/

**SUBPOENA IN A CIVIL CASE**

CASE NO.: 2:07-cv-387-FtM-29SPC

(For a case pending in the Middle District of Florida)

CASE NO.: 2:07-cv-420-FtM-29DNF

TO:   Jeffrey D. Haas, Esq.
      Patton Boggs LLP
      2550 M Street, N.W.
      Washington D.C. 20037

☐  YOU ARE COMMANDED to appear in the United States District Court, District of Columbia, at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

     Please see Exhibit A attached hereto.

If no such documentation exists, provide a written signed statement confirming that no such documentation exists.

Page 1 of 3



**EXHIBIT**

tabbies

| PLACE: | DATE AND TIME: |
|---|---|
| Polsinelli Shalton Flanigan Suelthaus<br>555 12th Street, N.W., Suite 710<br>Washington D.C. 20004-1206<br>Attn.: William B Iakely<br>          Lauren De Santis-Then | May 19, 2008, 9:00 A.M. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| William B Iakely, Esquire<br>District of Columbia Bar No. 326793<br>Lauren De Santis-Then, Esquire<br>District of Columbia Bar No. 500542<br>ATTORNEYS FOR PLAINTIFFS | 4/11/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William B Iakely, 202-626-8310
Lauren De Santis-Then, 202-626-8323
Polsinelli Shalton Flanigan Suelthaus
555 12th Street, N.W., Suite 710
Washington D.C. 20004-1206

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SIGN NAME | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                  Date                              Signature of Server

Address of Server _____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(C)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)          A party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.

(2)
(A)          A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)          A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or

inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)

    (A)    On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

    (B)    To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    (C)    In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.

(D)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)    These procedures apply to producing documents or electronically stored information:

        (A)    A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

        (B)    If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

        (C)    The person responding need not produce the same electronically stored information in more than one form.

        (D)    The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

    (2)

        (A)    A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

        (B)    If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(E)    CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA DUCES TECUM
## DIRECTED TO JEFFREY D. HAAS

### DEFINITIONS:

As used in this Subpoena Duces Tecum, the following terms have the following definitions:

A.     "Person" or "entity" denotes natural persons, corporations, political corporations or subdivisions, governments, government agencies, partnerships, groups, firms, associations or other organizations of one or more persons of any description.

B.     The term "Documents" is used in the broadest possible sense and has the meaning set forth in new Federal Rule of Civil Procedure 34 including, but not limited to, any form of electronic mail/messages and/or "e-mail", electronically stored telephone messages and/or "voice-mail", any other electronic files, computer transmissions, databases, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing, archived and back-up tapes, and electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes. All tangible and intangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, spreadsheets, work papers, contact information, calendar entries, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, checks, diaries, drafts, records, financial statements, forms, handbooks, reports, invoices, itemizations, journals, licenses, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, publications, receipts, recordings, reports, sketches, specifications, studies, summaries, tapes, telefaxes, telegrams, telexes, other telecommunications materials, video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such

items in the possession, custody, or control of any of your affiliates, attorneys, accountants, insurers, employees, or agents wherever located).

C.     "Communication," in its singular and plural forms, means any oral or written exchange of words, thoughts, or ideas to any person or persons, whether it be person to person, in a group, by telephone, by letter, by telex, by radio transmission, or by any other process, electronic or otherwise. All such communications and writings shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memoranda, reports, log books, minutes, notes, audio tapes, and radio transmissions.

D.     "Identify," "name" or "state . . . identity" means:

1.     When referring to a person: state his or her full name and present address or last known address, present employer, and last known position or affiliation, as well as any employment position or affiliation that the person enjoyed with Defendant at the time or during the time period to which the Interrogatory refers.

2.     When referring to any document or written communication: state the nature of the document, the identity of the author, the name of any person or persons who signed the document, the name of the person or persons who received the document, the date of the document, the subject matter to which the document relates, the substance of the document, and its present location or custodian.

3.     When referring to any oral communication, state:  the date on which the communication occurred, the identity of the speaker, the identity of each person who was present when the communication was made, and the substance of the communication in as verbatim form as possible, and identify each document relating to or referring to such oral communication.

2

E.     "Second Amended Complaint" means the Second Amended Complaint in the within case, a copy of which is attached hereto.

F.     "Related to," or "regarding" means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, evidencing, pertaining to, referring to, dealing with, generated wholly or partly in response to or because of, or in any way pertinent to the person, place or thing identified.

G.     "Plaintiffs" means the parties Plaintiff, BGC II Management of Naples, Inc., MCC Management of Naples, Inc., Miles C. Collier and/or Barron G. Collier II.

H.     "IBC" means International Bancshares Corporation, and its officers, directors, shareholders, employees, and any other persons acting on behalf of or purporting to act with or on behalf of International Bancshares Corporation, including but not limited to accountants, attorneys, consultants, subsidiaries and affiliates, as well as all subsidiaries in your control, including but not limited to International Bank of Commerce, as well as LFC (defined below) and the entities formerly known as LFC, including predecessor entities and subsidiaries.

I.     "Arnold & Porter" means the law firm Arnold & Porter, LLP, a District of Columbia limited liability partnership, with offices located at 555 Twelfth Street, NW, Washington DC 20004-1206, and 399 Park Avenue, New York NY 10022-4690. The term "Arnold & Porter" also includes Thomas R. Dwyer, all outside counsel, experts, or consultants retained by Arnold & Porter in connection with Local Oklahoma Bank of Tulsa, et al. v. United States, 52 Fed. Cl. 184 (2002) ("Local I"), and Local Oklahoma Bank, N.A. v. U.S. (2004), 59 Fed. Cl. 713 ("Local II"), aff'd, Local Oklahoma Bank, N.A. v. U.S. (2006), 452 F.3d 1371, or any matter related thereto or arising therefrom.

3

J.   "LFC" means Local Financial Corporation (and its predecessor entities, however named), and its officers, directors, shareholders, employees, agents, and any other persons acting on behalf of or purporting to act with or on behalf of Local Financial Corporation, including but not limited to accountants, attorneys, consultants, subsidiaries, and affiliates.

K.   "Local" has the same meaning as the description set forth in Footnote 2 of the opinion of the U.S. Court of Federal Claims in the action styled Local Oklahoma Bank, N.A. v. U.S., 59 Fed. Cl. 713 (U.S. Fed. Cl., 2004).

L.   The "Colliers" shall mean collectively, Bruce Sherman, Lisa Kelly, Laura Crawford, Joseph Perkovich, Collier Family Office Group, Inc., BGC II Management of Naples, Inc., MCC Management of Naples, Inc., Miles C. Collier and/or Barron G. Collier, II or any other person acting on behalf of or purporting to act with or on behalf of any of them including without limitation Abigail Watts-Fitzgerald or Thomas Kaufman.

M.   "Or" includes the word "and."

N.   "FDIC" means the Federal Deposit Insurance Corporation.

O.   "IRS" means the U.S. Internal Revenue Service.

P.   "Fellers Snider" means the law firm Fellers, Snider, Blankenship, Bailey & Tippens, P.C., 100 North Broadway, Ste. 1700, Oklahoma City, Oklahoma 73102-8820.

Q.   "Jenkens & Gilchrist" means the law firm known as Jenkens and Gilchrist, 1445 Ross Avenue, Suite 3700, Dallas TX 75202-2799.

R.   "Redemption Agreement" means the Redemption Agreement by and between LFC, Miles Collier, and Barron G. Collier II, dated August 25, 1997, a copy of which is attached as Exhibit B to the Second Amended Complaint.

S.    "Subsequent Agreements" means all agreements between LFC and/or IBC and the Colliers subsequent to the Redemption Agreement including but not limited to the Common Interest Agreement dated September, 1997 (hereafter individually, the "Common Interest Agreement," a copy of which is attached hereto), the Settlement Agreement dated May, 1999 (hereafter individually, the "1999 Settlement Agreement"), the Supplement to Settlement Agreement dated August, 1999, the Second Supplement to Settlement Agreement dated September, 2002 (hereafter individually the "Second Supplement"), and the Resolution and Modification Agreement dated December, 2002 (hereafter individually, the "2002 RMA"), copies of which are attached to the Second Amended Complaint.

T.    "KPMG" means the accounting firm known as KPMG with an office located at 210 Park Avenue, Suite 700, Oklahoma City, Oklahoma 73102.

U.    "Ernst & Young means accounting firm known as Ernst & Young with an office located at 210 Park Avenue, Suite 2500, Oklahoma City, Oklahoma 73102..

V.    "Shareholder Representative" "FDIC Case," "FDIC Dispute," "FDIC Claim," and "FDIC Counterclaim," have the meanings set forth in the Redemption Agreement.

W.    "FDIC Award" refers to the $5,833.296 award received from the U. S. Government and described in Paragraph 30 of the Second Amended Complaint.

X.    "FDIC Counterclaim Settlement Payment" refers to the $27,766,142.00 payment to the FDIC pursuant to the Settlement and Termination Agreement described in Paragraphs 27.E. and 28 of the Second Amended Complaint.

Y.    "Assistance Agreement" and "FDIC Assistance Agreement" refer to the Assistance Agreement entered into by Local and the U. S. Government dated December 29, 1988, as referenced

5

in the opinion of the U. S. Court of Appeals in the action styled Local Oklahoma Bank, N.A. v. U.S., 452 F. 3d 1371 (U.S.C.A. Fed., 2006).

Z.     "Elias, Matz" means the law firm Elias, Matz, Tiernan & Herrick, L.L.P., in Washington, D.C.

AA.     "Jeffrey D. Haas" means the attorney currently at the law firm of Patton, Boggs, L.L.P., in Washington, D.C., who was an attorney at the law firm of Elias, Matz from September 19, 1987 through January 2001.

BB.     "Affidavit of Jeffrey D. Haas" means the affidavit of Jeffrey D. Haas in the within action and dated August 30, 2007.

## INSTRUCTIONS

A.     Each document request is to be responded to separately and as completely as possible. The omission of any document or other item of information from your responses shall be deemed a representation that such document or item is not known to you or your counsel at the time of service of your response.

B.     The documents covered by this document request include all documents that are in your possession, or under your actual or constructive custody or control, whether or not such documents were received from or disseminated to any other person or entity including, but not limited to, attorneys, accountants, consultants, employees and agents. A document is deemed to be in your possession, custody or control if it is in your physical custody or if it is in the physical custody of any other person and you (a) own such document in whole or in part, (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms, (c) have an understanding, express or implied, that you may use, inspect, examine or copy such writing on any

terms, or (d) have as a practical matter been able to use, inspect, examine or copy such document when you sought to do so.

C.    If an objection is made to any document request, all documents covered by that request but not subject to the objection should be produced.

D.    With respect to any document as to which you assert a privilege against discovery, please produce all segregable portions of the document that do not contain information subject to the claim of privilege.

E.    With respect to any document or portion thereof which you are withholding based on an assertion that it falls within the scope of an applicable privilege, please produce at the time and place described above a complete privilege log which identifies each such document and identifies each and every reason for the non-production of that document. The privilege log should identify each such withheld document by stating (1) the nature of the document (letter, memorandum, notes, etc.), (2) the date on which it was prepared, (3) the date(s) it was sent, (4) the identity and title of all persons who sent the document, (5) the date the document was received, (6) the identity and title of all persons to whom the document was addressed or who received or read copies of the document, (7) the subject matter of the document, and (8) a description of the place where the document is presently kept. In addition, the privilege log should specify for each such document the privilege or other basis asserted for withholding the document from production.

F.    With respect to any responsive document which existed as of December 10, 1993, but no longer exists, please provide a list indicating (1) the date and number of pages of the document, (2) the nature of the document ( letter, memorandum, notes, etc.), (3) the date on which it was prepared, (4) the date(s) it was sent, (5) the identity and title of all persons who sent the document, (6) the date the document was received, (7) the identity and title of all persons to whom

7

the document was addressed or who received or read copies of the document, (8) the subject matter of the document, (9) the last known location of the document, (10) the last known custodian of the document, and (11) the circumstances under which the document was lost or destroyed.

G.    Unless otherwise indicated, this document request requires production of information and documents relating to the time period from December 10, 1993, to the present.

## PRODUCTION OF ELECTRONICALLY STORED DATA

Electronically Stored Data is to be produced in the following formats:

1.    E-mail, Contacts, and Calendar Entries; If created or maintained using Microsoft Outlook software, then produce in .pst format. If created or maintained using Lotus Notes software, then produce in .nsf format. If created or maintained using any other software, then produce in a format substantially equivalent to .pst or .nsf formats.

2.    Accounting Documents and Spreadsheets: Produce in "native" format.

3.    All other: Produce in "native" format.

## DOCUMENTS TO BE PRODUCED

1.    All Documents and Communications relating to the Redemption Agreement transaction.

2.    All Documents and Communications relating to the Common Interest Agreement, a copy of which is attached to the Second Amended Complaint.

3.    All Documents and Communications between you and any third party concerning the affidavit of Jeffrey D. Haas.

4.    All Documents and Communications received and/or reviewed by Jeffrey D. Haas in connection with the Affidavit of Jeffrey D. Haas.

8

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MCC MANAGEMENT OF NAPLES, INC.;
BGC II MANAGEMENT OF NAPLES, INC.,
MILES C. COLLIER, and BARRON G.
COLLIER, II

        Plaintiffs,

vs.

ARNOLD & PORTER, LLP; KENT A. YALOWITZ,
THOMAS R. DWYER, and MELVIN C. GARBOW,

        Defendants.

_____/

Miscellaneous Case No. _____
CASE NO. 2:07-cv-387-FtM-29SPC
(United States District Court for the
   Middle District of Florida)

## ORDER

THIS MATTER came before the Court on MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENA DUCES TECUM ISSUED TO ELIAS, MATZ, TIERNAN & HERRICK, LLP;

HAVING CONSIDERED the parties' motions papers and the oral argument by counsel, it is hereby

ORDERED that MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENA DUCES TECUM ISSUED TO ELIAS, MATZ, TIERNAN & HERRICK, LLP is GRANTED in its entirety.

Dated: _____

                             _____
                             United States District Court for
                             the District of Columbia

Copies to:

Carl Coleman, Esq.
David C. Potter, Esq.
Fowler, White, Boggs & Banker, PA
2235 First St
Ft Myers, FL 33901

-and-

Jacqueline Caldwell, Esq.
Terry Moore, Esq.
Krugliak, Wilkins, Griffith &
    Dougherty Co, LPA
4775 Munson St. NW
Canton, OH 44735

Madeline Ebelini
Knott, Consoer, Ebelini, Hart & Swett, PA
1625 Hendry Street, Suite 301
P.O. Box 2449
Ft. Myers, FL  33901
*Attorneys     for     Plaintiffs     MCC
Management  of  Naples,  Inc.,  BGC  II
Management  of  Naples,  Inc.,  Miles  C.
Collier and Barron G. Collier II*

J. Jonathan Schraub    D.C. Bar No. 950816
jjschraub@sandsanderson.com
Paige A. Levy        D.C. Bar No. 453535
plevy@sandsanderson.com
SANDS ANDERSON MARKS & MILLER, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA  22101
Telephone:    (703) 893-3600
Facsimile:     (703) 893-8484

Christina Frohock, Esq.
Richard H. Critchlow, Esq.
Kenny Nachwalter, PA
Suite 1100
201 S. Biscayne Blvd
Miami, FL 33131

*Attorneys for Defendant Arnold & Porter,
LLP*

Jeffrey D. Hass, Esq.
Patton Boggs, LLP
2550 M Street, NW
Washington D.C. 20037

2

Terry W. Tippens, OBA No. 9027
Kevin R. Donelson, OBA No. 12647
Carole L. Houghton, OBA No. 18047
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:      (405) 232-0621
Facsimile:      (405) 232-9659
E-Mail:         ttippens@fellerssnider.com
                kdonelson@fellerssnider.com
                choughton@fellerssnider.com

*Attorneys for International Bancshares*
*Corporation*

3